IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDUNAIM LAKIMOV,

*Petitioner*,

v.

LEONARD ODDO, *et al*,

*Respondents*.

Civil Action No. 3:26-cv-1895

Hon. William S. Stickman IV

## ORDER OF COURT

In January of 2023, Petitioner obtained a Canadian worker's visa. He later came to the United States as a Ukrainian Humanitarian Parolee—being paroled into the United States for a two-year period. He did not depart after the two-year period. Petitioner was taken into immigration custody on May 28, 2025. He agreed to accept removal to Ukraine, and was processed as an expedited removal under 8 U.S.C. § 1225(b)(1). An order of removal was issued on May 28, 2025. It was later learned that Petitioner's Ukrainian citizenship had been revoked in January 2024, and that his Ukrainian passport was no longer valid. Steps were then taken to remove Petitioner to a third country—with a particular focus on Tajikistan, the country of his birth, and where his father still lives. On February 14, 2026, the expedited order of removal to Ukraine was revoked and Petitioner was served with an order of removal to Tajikistan. Petitioner then refused to apply for reinstatement, stating that he did not want to return to Tajikistan. After a credible fear interview, an immigration judge found that Petitioner failed to establish a credible fear of persecution in Tajikistan, and ordered his removal by a March 3, 2026, Order. Petitioner denied having any Tajik identification documents, although he ultimately acknowledged that he has a Tajik birth certificate. He refused to cooperate in his removal, including refusing to seek

travel documents to Tajikistan. Nevertheless, a deportation officer certified that there was a significant likelihood of removal in the reasonably foreseeable future. Therefore, on April 24, 2026, the Court denied him habeas relief at Case No. 3:26-cv-00398. It was the Court's position at that time that Petitioner's noncooperation caused his initial period of detention to be wasted.

Petitioner remains detained. He has filed another Petition for Writ of Habeas Corpus seeking release from immigration detention. (ECF No. 2). Respondents have represented that,

> On or about April 29, 2026, a travel document request was submitted to the Azerbijan consulate. On June 6, 2026, when Tajikistan denied to issue travel documents to Tajikistan for Petitioner, he was added to the Third Country Notification Tracker with HQ-RIO. On or about July 3, 2026, August 5, 2026, August 13, 2026, and October 4, 2026, ICE submitted requests for an update to HQ-RIO regarding removal of Petitioner to a third country. As of October 5, 2026, Petitioner's case remains with the Department of State who is searching for a safe third country for petitioner's removal.

(ECF No. 8, p. 5). Deportation Officer Scott Flickinger submitted a Declaration wherein he avers that Petitioner is likely to be removed in the reasonably foreseeable future because third country removals have been successful in the past and Petitioner's removal will occur promptly upon identification of a country. (ECF No. 8-2).

The Court finds the Government's position – that it will be able to remove Petitioner in the foreseeable future – to be mere speculation. Based on the information submitted, the Government has not met its burden to demonstrate that there is a significant likelihood of removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Removal to two countries has failed. A country of removal has yet to be identified. Because Petitioner's "removal is not reasonably foreseeable," the Court find that his "continued detention [is] unreasonable and no longer authorized by statute." *Id.* at 699-700. As such, release is appropriate.

AND NOW, this 13th day of November 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) IS GRANTED IN PART AND DENIED IN

PART. IT IS GRANTED in that Respondents are ORDERED to release Petitioner from custody under appropriate conditions of supervisory release, *see* 8 U.S.C. § 1231(a)(3).

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief. The Court will not award attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). It finds that Respondents' position was substantially justified in this case, so no fees shall be awarded.

BY THE COURT:

/*s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE